57 F.3d 1081
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Franklin J. TAYLOR, Plaintiff-Appellant,
v.
DUGGER, Defendants-Appellees.
 No. 95-6097.
 United States Court of Appeals, Tenth Circuit.
 June 15, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Franklin J. Taylor, a/k/a Franklin Taylor (Taylor), appearing pro se, appeals from the district court's Order adopting the Report and Recommendation of United States Magistrate Judge Doyle W. Argo and dismissing Taylor's action with prejudice.
 
 
 3
 Taylor, an inmate of the State of Oklahoma, at Hominy, Oklahoma, filed this 42 U.S.C.1983 complaint, pro se and in forma pauperis, against Richard Dugger, Beckman County District Attorney, and Charles Williams, former Beckman County Assistant District Attorney. Taylor alleged that in 1978, following his arrest by Elk City police officers, some $40.68 was collected from his person upon his incarceration in the Beckman County Jail and released to the Beckman County District Attorney's Office; that the $40.68 was to be applied to the court costs Taylor had been ordered to pay in amount of $57.00; in 1991 he learned that the money had not been tendered toward the court costs. Taylor alleged that the defendants had unlawfully removed the $40.68 from his possession and control. Both of the defendants were involved in his prosecution. Contending that the defendants deprived him of his property without due process of law, Taylor sought the return of his $40.68, with interest, "for the last 16 years by law multiplied three times" and "punitive and mental damages [of] $40,000.00." (R., Vol. I, tab 2, p. 5).
 
 
 4
 The magistrate judge recommended that Taylor's action be dismissed on the grounds that: it was barred by Oklahoma's two-year statute of limitations governing actions for injury to rights of another not arising on contract; it failed to state a claim for a violation of constitutional rights; and even if an intentional deprivation had occurred, the State of Oklahoma provides an adequate post-deprivation remedy.
 
 
 5
 In his objections to the magistrate judge's Report and Recommendation, Taylor asserted that his action should be governed by Oklahoma's three-year statute of limitations applicable to contract actions, rather than the two-year limitation period.
 
 
 6
 On appeal, Taylor contends that he was denied a hearing before the State of Oklahoma deprived him of his property interests in violation of due process of law. He requests that we issue an order requiring the defendants-appellees to remedy the matter.
 
 
 7
 We AFFIRM for substantially the reasons set forth in the magistrate judge's Report and Recommendation of October 17, 1994.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470